UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JARRETTA P. HAMILTON,

    Plaintiff,

v.                                     Case No: 6:10-cv-871-Orl-22TBS

SOUTHLAND CHRISTIAN SCHOOL,
INC.,

    Defendant.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion and Memorandum for Award of Attorney's Fees. (Doc. 98). Defendant has filed a response in opposition (Doc. 99), and the matter is now ripe for review. For the following reasons, I respectfully recommend that the Court grant in part and deny in part Plaintiff's motion.

### I. Background

Plaintiff filed this action alleging gender discrimination pursuant to Title VII of the Civil Rights Act of 1964 (Count I), discrimination based on marital status under Florida Statute § 760.10 (Count II), and invasion of privacy (Count III). (Doc. 1). Plaintiff claimed that Defendant Southland Christian School, Inc. hired her as a teacher without a contract for the 2008-2009 school year. (Id. ¶ 4). In April of 2009, she revealed to the school's principal that she was pregnant. (Id. at ¶ 5). Plaintiff had married the father of her child in February of that year. (Id.). The principal asked whether she had conceived prior to her

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

marriage, and Plaintiff admitted that she had. (Id.). The principal then discharged Plaintiff. (Id. ¶ 6).

Defendant answered, denying Plaintiff's allegations and later filed a motion for summary judgment. (Doc. 25). The Court found that Plaintiff had not demonstrated a genuine issue of material fact regarding whether she was treated differently than any other employee known by Defendant to have engaged in premarital sex while employed by Defendant and granted summary judgment on Count I. (Doc. 44 at 12). The Court also held that Count II, discrimination on the basis of marital status, did not pass muster because Defendant had a religious reason for dismissing Plaintiff and was therefore, exempt from § 760.10 Florida Statutes. (Id. at 14). The Court dismissed Plaintiff's invasion of privacy claim without prejudice so that she could file it in state court. (Id. at 15).

Plaintiff appealed the Court's Order to the Eleventh Circuit, which reversed and remanded. (Docs. 47 and 52). The Eleventh Circuit held that Plaintiff did not need to show a comparative instance of an employee engaging in premarital sex because Plaintiff had raised genuine issues of fact as to whether Defendant had fired her because she was pregnant. (Doc. 52 at 10-11). Upon remand, this Court ordered the case to proceed to jury trial on Count I. (Doc. 54). The jury returned a verdict finding Plaintiff's pregnancy was a substantial motivation for her termination and that Defendant did not prove that it would have discharged her for other reasons absent her pregnancy. (Doc. 88). However, the jury did not award Plaintiff damages. (Id.).

Post-trial, both parties briefed the issue of back pay. (Docs. 92, 95). Plaintiff sought $47,850, consisting of $3,850 for the six weeks remaining in the 2008-2009 school year; $22,000 for the 2009-2010 school year less the six weeks she would have taken for

maternity leave; and $22,000 for the 2010-2011 school year less six more weeks for a second maternity leave. (Doc. 92 at 3). The Court found Plaintiff had failed to mitigate her damages during the 2010-2011 school year and that she was not entitled to back pay for that period. (Doc. 96 at 5). The Court awarded Plaintiff damages for the 2008-2009 and 2009-2010 school years, and directed the Clerk to enter judgment for her in the amount of $25,850. (Id. at 6).

Now before the Court is Plaintiff's motion seeking an award of $62,000 in attorney's fees to her lawyer, Edwin R. Gay. (Doc. 98). Gay bases his claim upon 155 hours of attorney time at a rate of $400 per hour. (Id.) He states that he has been practicing law for 31 years and since 1989 has practiced primarily in the areas of employment and ERISA law. (Id.) He was a sole practitioner when he took this case on a contingent fee basis and he kept his time using what he terms "old school methods" by making records on note pads. (Id.) While the case was pending in the Eleventh Circuit, he became of counsel at Bogin, Munns & Munns, P.A., which utilizes computer software to record attorney time. (Id.) Gay believes the facts of this case are unique in that it involved a termination for fornication based upon an unwritten morality policy. (Id.) In particular, he notes that the Defendant challenged the Court's subject matter jurisdiction which is unusual in an employment case, and asserted ministerial exception as a defense. (Id.)

Plaintiff has filed the third-party affidavit of attorney Joseph E. Blitch in support of her motion. (Doc. 98-2). In his affidavit, Blitch testifies that in his experience, an attorney with Gay's experience would charge $400 per hour to litigate a Title VII action. (Id.). Blitch offers no outside examples of the prevailing market rate. (Id.)

Although Gay's time records include costs, Plaintiff's motion does not seek to recover costs under 28 U.S.C. § 1920, and neither party has briefed the issue. Consequently, the issue of costs is not properly before the Court. (Doc. 98).

Defendant concedes Plaintiff's entitlement to an award of attorney fees as the prevailing party. However, it believes no fees should be awarded or in the alternative, that Gay's claim should be substantially reduced. (Doc. 99). First, Defendant objects to the total number of hours claimed on the grounds that they excessive and are not adequately documented. (Id.) Second, it contends that Gay's rate is higher than the prevailing market rate in this community. (Id.) Third, it argues that Gay's fee should be reduced to reflect the minimal results obtained by Plaintiff. (Id.)

## II. Discussion

### A. *Prevailing Party*

A prevailing civil rights plaintiff should ordinarily recover attorney's fees, unless circumstances render an award unjust. Loos v. Club Paris, LLC, 731 F. Supp. 2d 1324, 1329 (M.D. Fla. 2010) (citing Buckhannon Bd. & Care Home, Inc v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001)). In a civil rights action, to qualify as a prevailing party, a party must obtain some relief, but need not prevail on all claims or obtain all relief requested. Loos, 731 F. Supp. 2d at 1329. "That a plaintiff succeeds in only a limited way does not strip him of prevailing party status, but the degree of his success is the most critical factor in determining the reasonableness of a fee award." Bivins v. Wrap It Up, Inc., 380 F. App'x 888, 890-91 (11th Cir. 2010) (inner citations and quotations omitted). Defendant has conceded Plaintiff's entitlement to fees.

### B. *The Lodestar Method*

In the Eleventh Circuit, courts use the lodestar approach to determine reasonable

attorney fees. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. Kenny A. ex. rel. Winn v. Perdue, 532 F.3d 1209, 1219 (11th Cir. 2008).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The fee applicant can satisfy its burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." Chemische Fabrik Budenheim KG v. Bavaria Corp. Intern., No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991 * 4 (M.D. Fla. Jan. 6, 2010). Once the Court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. Norman, 836 F.2d at 1302.

C. *Reasonable Hourly Rate*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Id. In making this determination, the Court considers the following factors:

> 1) the time and labor required; 2) the novelty and difficulty of
> the questions; 3) the skill requisite to perform the legal
> services properly; 4) the preclusion of other employment by
> the attorney due to acceptance of the case; 5) the customary
> fee in the community; 6) whether the fee is fixed or contingent;
> 7) time limitations imposed by the client or circumstances; 8)
> the amount involved and the results obtained; 9) the

> experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

Bivins v. Wrap It Up, Inc., 380 F. App'x at 890 (citing Johnson v. Georgia Highway Exp., Inc., 488 F. 2d 714 (5th Cir. 1974)).

Here, Defendant argues that $400 per hour is both excessive and higher than the prevailing market rate. However, the only evidence Defendant offers are the decisions in Hayden v. City of Orlando, No. 6:05-cv-853-Orl-22GJK, 2008 WL 3889596 *11 (M.D. Fla. Aug. 20, 2008); and Loos v. Club Paris, LLC, 731 F. Supp. 2d 1324, 1330-1331 (M.D. Fla. 2010). Hayden is a retaliation case under Title VII of the Civil Rights Act of 1964. There, the Court found $325 per hour was a reasonable hourly rate for a plaintiff's attorney with 13 years of experience. Id. at 11. Loos is also a Title VII case; there, the Court awarded a fee of $350 per hour to an attorney with 14 years of experience. Id. at 1330-31. In Loos, the defendant never appeared and the Court granted plaintiff's motion for default judgment. Id. at 1328. The case only proceeded to trial on the issue of damages, and is thus factually distinct from this action. Id.

These cases set the appropriate rates for the attorneys who litigated those matters; they do not establish the prevailing market rate in this community. Also, the attorneys in Hayden and Loos had significantly less experience than Gay and therefore, while these cases are somewhat helpful, they are not overly persuasive.

Next, Defendant argues that this was a simple case and consequently, Gay's hourly rate is excessive. I agree with Plaintiff that Defendant made arguments not often seen in this Court and that the procedural history includes Plaintiff's successful appeal to the Eleventh Circuit and a jury trial. However, I also agree with Defendant that this case

- 6 -

did not involve extensive discovery and that regardless of the reason why Defendant terminated Plaintiff, the elements Plaintiff bore the burden of proving were the same. Therefore, while the trial judge is in the best position to evaluate the complexity of this case, I find that it was a matter of average complexity.

According to Defendant, the Court should not award a rate of $400 per hour because the results obtained were less than favorable.  In fact, the jury did not award Plaintiff any damages and the amount awarded by the Court is substantially less than what Plaintiff requested.  Defendant believes this result reflects poorly on Gay's claimed level of skill, which is one of the factors the Court considers in determining an attorney's rate of compensation.  Norman, 836 F.2d at 1300.  Skill is evidenced by counsel's initial case assessment, continuing negotiation and settlement attempts, persuasiveness, and other fundamental aspects of organization and efficiency.  Id. at 1300-01.  In addition to the amount of Plaintiff's recovery, I have considered the fact that the Court struck the parties' original joint pretrial statement, first proposed jury instructions, proposed voir dire questions, and first proposed verdict form because they did not comply with its Case Management and Scheduling Order (Doc. 16), or our Local Rules.  (Doc. 63).  The Court also struck Plaintiff's second proposed verdict form and second proposed jury instructions for using outdated versions of the Eleventh Circuit Pattern Civil Jury Instructions.  (Doc. 74).

I have only found a few cases awarding $400 per hour,[2] and Gay offers little more than conclusory statements to support his hourly rate.  Now, having considered the parties' presentations, the Johnson factors, the fact that this case extended over 2 ½

---

[2] See Magee v. Maesbury Homes, Inc., No. 6:11-cv-209-Orl-19DAB, 2011 WL 1457173 (M.D. Fla. Apr. 15, 2011) (finding reasonable hourly rate of $400 to attorney who was member of the Florida Bar for 12 years and who had been lead attorney on over 300 preconstruction contract termination and deposit refund cases.).

years during which market rates could reasonably be expected to have changed, and my own knowledge of market rates, I find $365 is a reasonable hourly rate for Gay's work on this case.

### D. *Reasonableness of Hours Expended*

Next, the Court must determine the number of hours reasonably expended by Gay on this litigation. Attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." Galdames v. N & D Inv. Corp., 432 F. App'x 801, 806 (11th Cir. 2011) (citations and inner quotations omitted). Attorneys may only bill adversaries for the same hours they would bill a client. Resolution trust Corp. v. Hallmark Builders Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the Court adequately explains its reasons for doing so. Galdames, 432 F. App'x at 806 (citations omitted). In arriving at the 155 hours claimed, Gay has conceded a 12 hour reduction for time spent on Plaintiff's marital status and invasion of privacy claims. (Doc. 98).

Defendant objects to four time entries totaling 17.5 hours expended by Gay to prepare the parties' joint pre-trial statement, voire dire questions, proposed verdict form, jury instructions, Plaintiff's witness list and Plaintiff's exhibit list. After the Court struck these papers they were corrected and refilled (Docs. 66-69) and with the exception of a small, albeit indeterminate amount of time, Gay is not requesting to be compensated for preparing them twice. I have already addressed this issue in reducing Gay's recommended hourly rate from $400 to $365. Now, I find that an additional reduction of 5 hours is appropriate to bring the total number of hours claimed within the range of reasonableness.

- 8 -

Gay engaged in "block billing." The term refers to listing multiple tasks in a single entry without separately identifying the time spent on each task. Ceres Envtl. Servs., Inc., v. Colonel McCrary Trucking, LLC, 478 F. App'x 198, 203 (11th Cir. 2012). The use of block billing makes it difficult for the Court to determine with any precision the number of hours an attorney spent on any one task. Am. Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 429 (11th Cir. 1999). When counsel engages in block billing, an across the board reduction may be appropriate. See Ceres, 478 F. App'x at 204 (holding that district court did not abuse its discretion in applying a 10% reduction for block billing).

For instance, Gay's June 2, 2010 time entry states "revise complaint for filing the court; meet with client to sign Complaint, discuss procedures; dictate summons, and civil cover information," for which he recorded 1 hour and 45 minutes. On May 11, 2012, Gay recorded 4 hours and 20 minutes for these tasks: "contacted by client's husband regarding client's motor vehicle accident and the inability to attend depositions; call attorney regarding rescheduling deposition and not opposing motion for continuance; prepare motion for continuance; research issues on summary judgment; begin preparation of memorandum in opposition to motion for summary judgment." Other entries are similarly imprecise. Gay's descriptions are adequate for the Court to understand the services he performed but not the exact amount of time he spent on each specific task.

Defendant argues that because Gay used block billing the Court should decline to award any attorney's fees, or alternatively that the Court impose an across the board 30 percent reduction. I find this argument unreasonable and extreme. While Gay's conflation of his time entries makes it difficult for the Court to assess the reasonableness of each entry, he has sufficiently described each task so that the risk of Gay obtaining a

windfall is slight. Under these circumstances, I recommend a 10 percent across the board reduction. See Ceres, 478 F. App'x at 204 (holding that district court did not abuse its discretion in applying a 10% reduction for block billing); Hiscox Dedicated Corp. Member, Ltd. v. Matrix Group Ltd., Inc., No. 8:09-cv-2465-T-33AEP, 2012 WL 2226441 at * 5 (M.D. Fla. June 15, 2012) (applying a 20% reduction for block billing in part because many time entries were too vague and generic to be compensable); BJCC, LLC v. LeFevre, No. 8:09-cv-551-T-17EAJ, 2011 WL 5597305 *4 (M.D. Fla. Oct. 11, 2011) (applying a 10% reduction).

Defendant asserts that Gay's time records are not entirely legible. However, it does not state which of Plaintiff's entries are illegible and I find only one entry at the very top of page 8 of Document 98-1 that I cannot read because it is partially cut-off. Because this 5 hour entry is not entirely legible, I cannot ascertain whether it is reasonable. Accordingly, I recommend a 5 hour reduction in the total compensable time.

Finally, Defendant maintains that Gay failed to properly document his time because he did not separate his entries for time devoted to individual counts. Gay anticipated this argument and has already conceded 12 hours spent on the two counts that did not go to trial. While Gay's methodology is far from precise --- he vaguely estimates his time spent on the other claims --- all of Plaintiff's claims arose from the same set of operative facts and they cannot be readily separated for the purpose of apportioning hours between Plaintiff's prevailing claim and her other two claims. See Hayden v. City of Orlando, 2008 WL 3889596 at * 10 (quoting Miller v. Kenworth of Dothan, Inc., 117 F. Supp. 2d 1247, 1263 (M.D. Ala. 2000)). Now, I find Gay's 12 hour reduction is sufficient to account for non-compensable hours he spent on the claims that did not proceed to trial.

- 10 -

### III. Recommendation

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Plaintiff's Motion and Memorandum for Award of Attorney's Fees (Doc. 98) to the extent that it awards Plaintiff $47,632.50 in attorneys' fees based upon 130.5 hours multiplied by $365 per hour.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on the 12th day of December, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record